UNITED STATES, Appellee

v

DAVID BRENNAN, Airman Second Class,
U. S. Air Force, Appellant

10 USCMA 109, 27 CMR 183

No. 11,522

Decided January 9, 1959

*Arthur Pollack, Esquire, Lieutenant Colonel Ellis L. Gottlieb, Lieutenant Colonel Sam F. Carter* and *Captain John H. Leonard* were on the brief for Appellant, Accused.

*Lieutenant Colonel James R. Thorn* argued the cause for Appellee, United States. With him on the brief were *Lieutenant Colonel Robert W. Michels* and *Lieutenant Colonel John F. Hannigan.*

## Opinion of the Court

GEORGE W. LATIMER, Judge:

The accused was charged with having committed a sex offense with a six-year-old boy at Stanground, England. By exceptions and substitutions, he was convicted of committing a lascivious act with another, in violation of Article 134, Uniform Code of Military Justice, 10 USC § 934. He was sentenced to dishonorable discharge, total forfeitures, and confinement at hard labor for three years. The convening authority approved and the board of review, after reducing the period of confinement to two years, affirmed.

We granted accused's petition for review to consider whether the inclusion of certain matters derived from paragraph 76a, Manual for Courts-Martial, United States, 1951, in the instructions bearing on sentence constituted prejudicial error. The identical issue was considered at length in our opinion in United States v Mamaluy, 10 USCMA 102, 27 CMR 176, and we there determined error, holding that these factors "are impractical, confusing, and of such doubtful validity that they should not be given to the court-martial members."

After considering the facts in the *Mamaluy* case, the nature of the offenses, and the sentence in relation to the maximum which could have been imposed, we concluded the accused had not been prejudiced. However, we there stated that, "In measuring the prejudice of an instructional error, we must of necessity determine whether there is a fair risk that the court was influenced adversely against the accused and, if there is doubt in our minds, we resolve the uncertainty in his favor." The record in the case at bar leaves us hesitant about the adverse effect of the instructional error, and we, therefore, conclude the appropriateness of sentence should be redetermined.

Evidence at trial established that the victim of the wrongful act was the six-year-old son of an English tavern-keeper. The crime was discovered moments after its commission, and the accused was surrounded by an unfriendly crowd from which he had to be rescued by a fellow-airman. A crime of this nature will arouse righteous indignation and—while this is understandable—when the court-martial knows that such an unfortunate occurrence takes place in a foreign country, there is a fair likelihood some prejudice may arise from an instruction which sets out "the needs of local conditions" as a factor to be considered in assessing the appropriateness of sentence. Moreover, foreign nations may have different scales of punishments, and the instructional admonition not to impose a sentence which may bring the service into disrepute injects an unknown variable into the formula which should be used as the measuring rod in assessing sentences. In a sex case involving a minor, the impact of extraneous considerations may be greater than in any other type of offense. And when there is a probability that resentment of a community may be aroused, a court-martial should not be led to believe it may adjudge a sentence more severe than it would otherwise consider appropriate, simply to satisfy the local populace.

The crime of which accused stood convicted carried with it a maximum period of confinement of five years. As previously stated, the accused was sentenced to three years' confinement, and this period was subsequently reduced to two years by the board of review. In a case such as this, where more than half the maximum sentence was awarded by the court-martial, we are unable to say, as a matter of law, that the error had no measurable impact. Had the board of review weighed this error and determined the two-year sentence was appropriate, we would not be disposed to reverse its decision. However, in the instant case this error was not

110

considered at the board of review level, and we believe, in the interests of justice, we should return the record for that purpose.

Accordingly, the decision of the board of review is reversed, and the record of trial is returned to The Judge Advocate General of the Air Force for reference to a board of review for reassessment of sentence in light of this opinion.

Chief Judge QUINN and Judge FERGUSON concur.